*Law Offices of*
***BONNETT, FAIRBOURN,***
***FRIEDMAN & BALINT, P.C.***
*2901 North Central Avenue*
*Suite 1000*
*Phoenix, Arizona 85012-3311*
*(602) 274-1100*
*Wendy J. Harrison (014461)*
*wharrison@bffb.com*
*Jonathan S. Wallack (021379)*
*jwallack@bffb.com*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Yusuf M. BOGOR, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br> v.<br><br>AMERICAN PONY EXPRESS, INC, an Arizona Corporation, a.k.a. ALLSTATE YELLOW CAB; Gregory GIRARD and Mary Anne GIRARD, husband and wife; Alfredo ALMOYA and Jane Doe ALMOYA, husband and wife,<br><br>    Defendants. | Case No. _____<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Yusuf M. Bogor, individually and on behalf of all others similarly situated, alleges the following for his Complaint against American Pony Express, Inc., a.k.a. Allstate Yellow Cab, Gregory and Mary Anne Girard, and Alfredo and Jane Doe Moya (collectively "Defendants"):

## I. NATURE OF THE CASE

1. Plaintiff brings this action against defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"); the Arizona Wage Statute, A.R.S. § 23-355; and the Arizona Minimum Wage Law, A.R.S. §§ 23-363 and 23-364.

2. This lawsuit is brought as a collective action under 29 U.S.C. § 216(b) to recover unpaid minimum wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid minimum wage compensation and treble damages resulting from Defendants' violations of the Arizona Wage Statute. For both collective and class action purposes, the proposed class consists of:

> Current and former employees at American Pony Express, a.k.a. Allstate Yellow Cab, who, during the liability period, worked as drivers for American Pony Express.

3. For at least three years prior to filing of this action (the "Liability Period"), Defendants have knowingly misclassified Plaintiff and Class members as independent contractors and failed to pay them the statutorily required minimum wage.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto under 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

5. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because Defendants employed Plaintiff in Maricopa County, Arizona; Defendants conduct business in that county; and all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III.   PARTIES

7. At all relevant times, Plaintiff Yusuf M. Bogor resided in Maricopa County, Arizona. From 2002 to July 2009 Plaintiff was a full time employee of Defendant American Pony Express. Defendants hired Plaintiff as a taxicab driver; he was responsible for picking up passengers at the airport and driving them to their destinations.

8. As required by 29 U.S.C. § 216(b), Plaintiff's Consent to Become a Party Plaintiff is attached as Exhibit A to this Complaint.

9. Defendant American Pony Express, Inc. is an Arizona Corporation, authorized to do business in Arizona. American Pony Express is a taxicab service that has a contract with the City of Phoenix. It is responsible for having drivers at Phoenix Sky Harbor International Airport at all times, in order to provide transportation service to airport travelers.

10. Upon information and belief, American Pony Express does business as Allstate Yellow Cab.

11. American Pony Express is an employer as defined in 29 U.S.C. § 203(d).

12. Defendants Gregory Girard and Mary Anne Girard are husband and wife. They have caused events to take place giving rise to this complaint as to which their marital community is fully liable. Mary Anne Girard is the President of American Pony Express, Inc.; Gregory Girard is the Secretary and Trustee.

13. Defendants Alfredo Almoya and Jane Doe Almoya are husband and wife. Jane Doe Almoya is a fictitious name for Alfredo Almoya's wife. When her true name has been ascertained, this Complaint shall be amended accordingly. Alfredo and Jane Doe Almoya have caused events to take place giving rise to this Complaint as to which their marital community is fully liable. Defendant Alfredo Almoya is the general manager of American Pony Express.

14. Under the FLSA, Defendants Gregory and Mary Anne Girard, and Alfredo Almoya, are employers. The FLSA defines an "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Mary Anne and Gregory Girard, as President and Secretary of American Pony Express, Inc., set policy with regards to the amount and manner of compensation of the company's drivers. Alfredo Almoya, as the general manager, directed the day to day labor of the drivers. Thus, as persons who acted in the interest of American Pony Express in relation to the company's

drivers, Gregory and Mary Anne Girard, and Alfredo Moya, are subject to individual liability under the FLSA.

15. Plaintiff and Class Members were employees as defined in 29 U.S.C. § 203(e)(1), and were non-exempt employees under 29 U.S.C. § 213(a)(1) and 29 C.F.R. part 541.

## IV.   FACTUAL BACKGROUND

16. American Pony Express hired Plaintiff in 2002 to work as a driver servicing the Phoenix Sky Harbor International Airport. At that time, Plaintiff signed a contract but was not given a copy thereof.

17. Plaintiff paid Defendants $650 a week to use one of defendant's taxi cabs. Plaintiff kept the fares he collected from the passengers.

18. Defendants wrongly classified Plaintiff as an independent contractor and did not pay him wages to which he was entitled, including minimum wage.

19. Defendants controlled every aspect of Plaintiff's employment, and Plaintiff was entirely dependent on Defendant for the passengers he carried and the fares he collected.

20. As a driver, Plaintiff performed a core function of Defendant's taxi business.

21. The taxi cabs were owned and insured by Defendants. Plaintiff was assigned a particular cab, which he shared with another driver. Defendant assigned Plaintiff to share the cab with that driver, and Plaintiff had no say in either the cab he used or the driver with whom he shared it.

22. The taxi cab carried the name and logo of the company, Allstate Yellow Cab. Plaintiff was not allowed to give passengers a business card or any personal marketing materials.

23. Plaintiff was required by Defendants to accept credit card payments and hotel vouchers.

24. Plaintiff was not individually licensed to drive taxi cabs at the airport; he was only licensed through Defendants.

25. Defendants required Plaintiff to wear a collared shirt and close-toed shoes. They required him to maintain a polite and courteous demeanor when dealing with passengers.

26. Defendant's contract with the city required that 85% of its cars be at the airport at all times. In order to comply with this requirement, Defendant often called Plaintiff and Class Members and required them to report directly to the airport.

27. Failure to comply with any of the requirements mentioned above resulted in a driver's termination.

28. Throughout his employment with Defendants, Plaintiff was required to maintain a $1000 balance in an "account." Defendant repeatedly made deductions from this account for alleged damage to Plaintiff's taxi, even if that damage was not caused by Plaintiff.

29. Plaintiff's employment with Defendants ended in July 2009. Defendants failed to pay plaintiff all wages to which Plaintiff was entitled pursuant to the FLSA, Arizona's Wage Statute, and Arizona's Minimum Wage law. The balance of Plaintiff's "account" was not returned to him.

30. Defendant's deductions from Plaintiff's revolving account described above also resulted in Plaintiff's average hourly wage falling below minimum wage.

### V.  COLLECTIVE ACTION ALLEGATIONS

31. Defendants' illegal minimum wage practices were widespread with respect to the proposed class. The failure to pay minimum wage was not the result of random or isolated individual management decisions or practices.

32. Defendants' minimum wage practices were routine and consistent. Throughout the Liability Period, drivers regularly did not earn enough to satisfy the minimum wage requirements with management's knowledge and approval. Although the issue of damages may involve individual calculations, whether Defendants' minimum wage practices violated the FLSA is a central liability issue common to all Class Members.

## VI.  CLASS ACTION ALLEGATIONS

33. The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3).  The class is defined in paragraph 2 above.

34. Throughout the Liability Period, Defendants have employed a large number of drivers.  The class is therefore so numerous that joinder of all members is impracticable. Members of the class can readily be identified from business records maintained by Defendants.

35. Proof of Defendants' liability under the Arizona Wage Statute involves factual and legal questions common to the class.  Whether Defendants paid Class Members minimum wage as required by A.R.S. §§ 23-363 and 23-264 is a question common to all class members.

36. Like Plaintiff, all Class Members worked without being paid the statutorily required minimum hourly wage.  Plaintiff's claim is therefore typical of the claims of the class.

37. Plaintiff has no interest antagonistic to those of other Class Members, and has retained attorneys who are knowledgeable in wage and hour and class action litigation.  The interests of Class Members are therefore fairly and adequately protected.

38. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

39. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Arizona's Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources.  In addition, because the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the class to individually redress the wrongs done to them.

40. Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class Members. Although the amount of damages may differ by individual, they are objectively ascertainable and can be easily calculated.

## VII.   COUNT ONE

**(Failure to pay minimum wage—Fair Labor Standards Act, 29 U.S.C. § 206)**

41. Plaintiff incorporates by reference all the above allegations as though fully set forth herein.

42. Plaintiff was a non-exempt employee entitled to the statutorily mandated minimum hourly wage.

43. Defendants frequently failed to pay federal minimum wage.

44. Plaintiff and Class Members' total compensation divided by total hours worked was less than minimum wage.

45. Defendants' failure to pay minimum wage to Plaintiff was willful. Defendants knew Plaintiff and others similarly situated were not earning an average hourly wage at least equal to the required minimum wage and had no reason to believe their failure to pay minimum wage was not a violation of the FLSA.

46. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to double damages and attorneys' fees.

## VIII.   COUNT TWO

**(Failure to Pay Minimum Wage - Arizona Minimum Wage Law)**

47. Plaintiff incorporates by reference all above allegations.

48. Defendants were aware of their obligation to pay state minimum wages pursuant to A.R.S. § 23-363.

49. Defendants failed to pay minimum wage as required by state law.

50. Defendants have willfully failed to pay minimum wage due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

## IX.  REQUESTED RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, prays:

 A. For the Court to order the Defendants to file with this Court and furnish to Plaintiff's counsel a list of the names and addresses of all Defendants' employees from across the state of Arizona who currently work or have worked for Defendants as drivers within the last three (3) years;

 B. For the Court to authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former employees formerly or currently employed by the Defendants as drivers during the three (3) years, immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt into this lawsuit if they did not receive minimum wage as required by the FLSA and the Arizona Minimum Wage Law during the Liability Period;

 C. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wage to Plaintiff and persons similarly situated who opt into this action; and

  ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206.

 D. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and /or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

 E. For the Court to award unpaid minimum wages, plus an additional amount equal to twice the unpaid wages pursuant to A.R.S. § 23-364, to be determined at trial;

 F. For the Court to award restitution;

G. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364 (G), and A.R.S. §§ 12-341 and 12-341.01;

H. For the Court to award pre- and post-judgment interest;

I. For the Court to award Plaintiff's resulting consequential damages, in an amount to be proven at trial; and,

J. For such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: October 28, 2009

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.


  /s/ Wendy J. Harrison
Wendy J. Harrison
Jonathan S. Wallack
2901 N. Central Avenue, Suite 1000
Phoenix, Arizona 85012-3311
Telephone: 602-274-1100
Facsimile:  602-798-5860

Attorneys for Plaintiff