**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yusuf M. Bogor, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>American Pony Express, Inc., an Arizona Corporation, a.k.a. Allstate Cab Company, et al.,<br><br>    Defendants. | No. CV09-2260-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to Amend First Amended Complaint (Doc. 83). For the reasons given below, the Court will grant the Motion.

**I.  BACKGROUND**

Defendant American Pony Express, Inc. ("APE") leases taxicabs to drivers and, in some cases, fulfills transportation contracts with third parties. APE owns approximately 300 taxicabs that operate in Arizona.

Plaintiff Yusuf M. Bogor rented a taxicab from APE from 2000 to February 2009. APE entered into Taxi Cab Lease Agreements with drivers such as Plaintiff who serviced the airport (hereinafter referred to as "Airport Drivers"). APE classified those drivers as independent contractors.

APE paid no wages to Plaintiff and other Airport Drivers. Instead, Plaintiff kept all

fares he earned and paid APE $650 a week to rent APE's taxis. Beginning in March of 2007, Plaintiff also had to maintain a $1000 refundable deposit for any damage to the taxis.

Plaintiff filed the pending motion to amend to add VIP Taxi and its owners and managers as separate Defendants in this case. The current case caption lists VIP Taxi as a trade name of APE. On June 11, 2010, Plaintiff confirmed through a discovery response that VIP Taxi is a separate entity, rather than a trade name. Plaintiff filed his motion to amend within the time allowed by the Court's Rule 16 Scheduling Order.

## II. LEGAL STANDARD

Motions to amend pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(a), which provides:

> (1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within . . . (2) ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Subsection (2) of Rule 15(a) applies here because Plaintiff has already amended his complaint once.

Although the decision to grant or deny a motion to amend is within the discretion of the Court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g., United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("A district court's discretion to deny leave to amend . . . is not absolute.") (citing *Foman*). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing

party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182; *see, e.g., SmithKline Beecham*, 245 F.3d at 1052. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187.

Regarding the futility of amendments, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.") (citation omitted). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214; *see Foman*, 371 U.S. at 182 (stating that "[i]f the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits").

### III. ANALYSIS AND CONCLUSION

Defendants have the burden of demonstrating that Plaintiff's requested amendment would prejudice them, would be futile, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187. Defendants do not argue undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice as a basis for denying the motion to amend. They argue only that the Court should deny the motion because the proposed amendment would be futile.

Defendants contend that adding VIP Taxi and its managers as Defendants would be futile because: VIP Taxi did not have a contract with the City of Phoenix to service Skyharbor Airport; VIP Taxi did not have any relationship, contractual or otherwise, with the Plaintiff; VIP Taxi did not have any control over the decisions made regarding the

Airport Drivers; and VIP Taxi did not have any operational control over the Airport Drivers. Plaintiff's wage claims in this case are predicated on an employment relationship. Defendants argue that Plaintiff therefore could not state claims against VIP Taxi and its managers because VIP did not have an employment relationship with the Airport Drivers.

Plaintiff counters that the definition of employer under the Fair Labor Standards Act (the "FLSA") has been interpreted expansively to include any party that exercises control over the nature and structure of the employment relationship or economic control over the relationship. *See Lambert v. Ackerley*, 180 F.3d 997, 1091, 1011-12 (9th Cir. 1999). Plaintiffs claims that three of the individuals he seeks to add as Defendants exercised significant control over the Airport Drivers and that two of those individuals had the power to terminate drivers by ceasing their lease agreements. Plaintiff further argues that based on their common control over the Airport Drivers and common business purpose APE and VIP Taxi were joint employers under the FLSA.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim . . . ." *Miller*, 845 F.2d at 214. At this point in the case, the Court cannot say with certainty that Plaintiff will not be able to offer any facts supporting a valid claim against VIP Taxi and its managers/owners. As the facts emerge in this case, Plaintiff may be able to demonstrate that VIP Taxi and its owners/managers were employers of the Airport Drivers for purposes of the FLSA.

The Court therefore finds that Plaintiff's proposed amendment is not futile. Because Defendants have argued no basis other than futility for denying the motion, they have not met their burden.

Accordingly,

IT IS ORDERED Granting Plaintiff's Motion for Leave to Amend First Amended Complaint (Doc. 83).

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Second

- 4 -

Amended Complaint currently lodged at Docket 84.

DATED this 16th day of August, 2010.

_____
James A. Teilborg
United States District Judge