# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims (hereinafter the "Agreement") is entered into and effective this 3rd day of February, 2011 (hereinafter the "Effective Date"), by and among the following parties:

(1)      Yusuf M. Bogor and the opt-in plaintiffs in the lawsuit captioned *Bogor v. American Pony Express, Inc., et al.*, pending in the United States District Court for the District of Arizona, Case No. 2:09-CV-02260-JAT (the "Action"), namely, Bashir M. Yusuf, Abdi Iise, Omar A. Mohamed, Hesham Taraf, Faysal Ali, Kamal A. Ahmedfiqi, Omar H. Abdalla, Ahmed M. Said, Adam Salih, Yasin Hussein, Lubomir Panov, Mire Said, Nikolay I. Delchev, Abukar Ali Ahmed, Abdinasir M. Jama, Arkadiy Shakarov, Hugo Conde, Abdirahman M. Dawariq, Ilian Petkov, Ahmed M. Jirow, Omar A. Osman, Abdihamid Ali, Malak Youssef Henes, and Simkho Shalomov (collectively "Plaintiffs"), on the one hand; and

(2)      American Pony Express, Inc., VIP Taxi, LLC, Dave Gauer, Henry Elizar, Rita Elizar, Eugene Rapoport, Svetlana Rapoport, Ira Girard, Mary Anne Girard, Greg Girard (referenced in the Second Amended Complaint by "Gregory Girard"), Ethne Girard, Winged Foot Investment Services Limited Partnership, LLLP (referenced in the Second Amended Complaint as "Winged Foot Investment, LP"), JHR Investment Services Limited Partnership, LLLP (referenced in the Second Amended Complaint as "JHR Investment Services, LP"), and Alfredo Moya and Elsa Moya (collectively "Defendants"), on the other hand.

Plaintiffs and Defendants are hereinafter referred to collectively as the "Settling Parties."

## RECITALS

This Agreement is made with reference to, and in reliance on the truth of, the following facts:

1.      Plaintiff Yusuf Bogor filed the Action against Defendants on or about October 28, 2009. The remaining Plaintiffs opted-in to the Action following the Court's conditionally certifying the Action as a collective action pursuant to the Fair Labor Standards Act. The operative complaint asserts causes of action for: (1) failure to pay minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206; and (2) failure to pay minimum wages pursuant to Arizona minimum wage laws. Plaintiffs, all taxicab drivers who leased taxicabs associated with airport permits from Defendants at various times, or were relief drivers for those plaintiffs – lessees, claimed they were improperly classified as independent contractors and were therefore entitled to minimum hourly wages. Defendants denied Plaintiffs' allegations and asserted that Plaintiffs were, at all times, independent contractors who leased or drove leased airport-permitted taxicabs.

2.      The Settling Parties attended mediation on or about December 29, 2010, before Gary L. Birnbaum, Esq., of Mariscal, Weeks, McIntyre & Friedlander, P.A., in Phoenix,

Arizona. After extensive negotiations during mediation, the Settling Parties agreed to the settlement as set forth in this Agreement.

3. The Settling Parties enter into this Agreement in order to completely resolve and discharge any and all disputes that exist, or may exist, between the Settling Parties subject to the scope, terms, conditions and/or limitations, as set forth in this Agreement. In making this Agreement, none of the Settling Parties are admitting the sufficiency or adequacy of any claims, allegations, assertions, contentions or positions of each other, or the sufficiency or adequacy of any defenses to any such claims, allegations, assertions, contentions or positions. The Settling Parties have agreed to enter into this Agreement in order to avoid the uncertainties, further expense, inconvenience, and distraction of litigation, and to be free of further liability from any and all claims released by way of this Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants, promises, and warranties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is agreed among the Settling Parties hereto as follows:

1. **Recitals.** The recitals set forth above are incorporated herein by reference and are made a part of this Agreement. Plaintiffs warrant to Defendants, and Defendants warrant to Plaintiffs the truth and correctness of these recitals.

2. **Release and Discharge.**

a. **Release of DEFENDANTS by PLAINTIFFS.** In consideration for the execution of this Agreement and performance of the promises contained in it and in recognition of the benefits to be derived therefrom, Plaintiffs do hereby and for themselves, their past, present and future assigns, agents (actual or ostensible), heirs, executors, administrators, personal representatives, brokers, representatives, employees, partners, successors, predecessors, affiliates, business entities, insurers, and all persons or entities acting by, through, under or in concert with them, completely release, acquit, and fully, finally and forever discharge Defendants and their current and former assigns, agents (actual or ostensible), heirs, executors, personal representatives, administrators, representatives, current and former officers, employees, shareholders, members, partners, successors, predecessors, principals, owners, affiliates, attorneys, business entities, insurers, and all persons acting by, through, under or in concert with them, from any and all claims, actions, rights, attorneys' fees, obligations, costs, liens, judgments, demands, damages, liabilities, expenses, compensation and causes of action of any and every kind, nature and character whatsoever, known or unknown, which Plaintiffs may now have, have ever had, or may have in the future against Defendants based on any theory of recovery, arising out of or related to: (1) all allegations/claims raised in Plaintiffs' operative complaint in the Action; or (2) Plaintiffs' operation of taxicab vehicles under a lease or sublease agreement related to any taxicab owned by any of the Defendants.

b. **Release of PLAINTIFFS by DEFENDANTS.** In consideration for the execution of this Agreement and performance of the promises contained in it and in recognition

2

of the benefits to be derived therefrom, Defendants do hereby and for themselves, their past, present and future assigns, agents (actual or ostensible), heirs, executors, administrators, personal representatives, brokers, representatives, employees, partners, successors, predecessors, affiliates, business entities, insurers, and all persons or entities acting by, through, under or in concert with them, completely release, acquit, and fully, finally and forever discharge Plaintiffs and their current and former assigns, agents (actual or ostensible), heirs, executors, personal representatives, administrators, representatives, attorneys, and all persons acting by, through, under or in concert with them, from any and all claims, actions, rights, attorneys' fees, obligations, costs, liens, judgments, demands, damages, liabilities, expenses, compensation and causes of action of any and every kind, nature and character whatsoever, known or unknown, which Defendants may now have, have ever had, or may have in the future against Plaintiffs based on any theory of recovery, arising out of or related to: (1) all allegations/claims raised in Plaintiffs' operative complaint in the Action; or (2) Plaintiffs' operation of taxicab vehicles under a lease or sublease agreement related to any taxicab owned by any of the Defendants.

        c.      The releases set forth in paragraphs 2(a) and (b) of this Agreement do not serve as releases of any claims, actions, rights, attorneys' fees, obligations, costs, liens, judgments, demands, damages, liabilities, expenses, compensations or causes of action of any and every kind created by a breach of this Agreement. The Settling Parties acknowledge, however, that they may hereafter discover facts different from or in addition to those which they now know or believe to be true with respect to any release made in this Agreement or the subject matter of the Action, and agree that every release made in this Agreement is now and will remain effective, notwithstanding the discovery or existence of those different or additional facts or the discovery thereof. The Settling Parties expressly consent that the general release set forth in this Agreement has full force and effect in accordance with each and all of the release's express terms and provisions, including those terms and provisions relating to unknown and unsuspected claims, demands, and causes of action, if any, to the same effect as the release's terms and provisions effect on any other specified claims, demands, and causes of action. Each Settling Party further agrees and covenants that if the facts with respect to which this Agreement is executed are found to be different from the facts now believed to be true, such party expressly accepts and assumes the risk of possible difference in facts and agrees that this document is and remains fully effective notwithstanding any difference in facts.

        d.      <u>Court Approval.</u> This Agreement is conditioned upon Court-approval of the settlement between the Settling Parties. Plaintiffs and Defendants will jointly seek Court approval of this settlement and such application will be made under seal to preserve the confidentiality of this settlement. Plaintiffs will prepare the papers in support of the joint application.

        e.      <u>Dismissal.</u> Plaintiffs agree that the Action and any and all claims asserted by Plaintiffs against Defendants shall be dismissed with prejudice within thirty (30) days following Court approval of this settlement.

3. **Settlement Payment.**

a.     **Payment to Plaintiffs.** In consideration of this Agreement and the releases set forth in Section 2(a) above, Defendants agree to pay Plaintiffs one hundred twenty five thousand dollars ($125,000.00) within twenty (20) days following Court approval of this settlement. This sum shall be made payable by Defendants to the attorney-client trust account for Plaintiffs' counsel in the Action. The Settling Parties agree that under no circumstances shall Plaintiffs, in total, receive more than one hundred twenty five thousand dollars ($125,000.00) of any monies paid pursuant to this Agreement.

b.     **Payment of Portion of Plaintiffs' Attorneys' Fees and Costs:** Defendants agree to pay to Plaintiffs' counsel in the Action one hundred thousand dollars ($100,000.00) for attorneys' fees and costs subject to the terms of this Agreement within twenty (20) days following Court approval of this settlement. This sum shall be made payable by Defendants to the attorney-client trust account for Plaintiffs' counsel in the Action.

4.     **Attorneys' Fees.** Except otherwise provided in this Agreement, each Settling Party shall bear its own attorneys' or other professional fees and associated costs incurred in, or in any way related to, asserting or defending the claims asserted by and between the Settling Parties, and the negotiation, preparation and performance of this Agreement. If, however, any Settling Party breaches any obligation under this Agreement, the non-breaching party will be entitled to reasonable expenses, attorneys' fees, and costs incurred in any action taken to enforce the terms of the Agreement, or to remedy or compensate for such breach.

5.     **Representations and Warranties.** Each of the Settling Parties to this Agreement represents and warrants to the other that each of them has the full power, capacity, and authority to enter into this Agreement, that neither of them has sold, assigned or in any manner transferred any claims which the Settling Party ever had against any Settling Party that Settling Party releases , and that no other releases or settlements are necessary from any other person or entity to release and discharge completely the other parties from the claims specified herein.

6.     **Execution Not an Admission.** This Agreement is the result of a settlement and compromise of disputed matters. By entering into this Agreement, no Settling Party admits that the claims or defenses of the other are valid or meritorious, and each Settling Party agrees that the terms of this Agreement will never be used, referred to, or considered, as an admission of liability of such claims.

7.     **Legal Representation.** Each Settling Party acknowledges that it has received the advice of independent legal counsel prior to the execution of this Agreement and the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the Agreement, and each Settling Party understands the terms and provisions of this Agreement and its nature and effect. Each Settling Party further represents that it is entering into this Agreement freely and voluntarily, relying solely upon the advice of its own counsel, and not relying on the representations of any other party or of the counsel of any other party except the release and

waiver expressly set forth in this Agreement. Each Settling Party expressly agrees that this Agreement shall not be construed or interpreted for or against the party drafting the Agreement.

8. **Confidentiality.** The Settling Parties further understand and agree that the terms of this settlement and Agreement, and the negotiation or circumstances surrounding the negotiation of this Agreement are, and will remain, confidential as among the Settling Parties. Except as otherwise provided for in this Agreement, the Settling Parties agree not to disclose to any other person, without a prior order of a court of competent jurisdiction, the terms of this Agreement. Absent prior order of the court, the Settling Parties will provide no information concerning the amount of this settlement or any other terms of this Agreement to anyone other than the individuals, entities or courts described herein. If asked about this Action, the Settling Parties will merely state words to the effect of the case has been settled in a manner satisfactory to the parties. It is expressly understood and agreed by the Settling Parties that all of them are fully bound by the provisions of this confidentiality agreement. Notwithstanding the above, the Settling Parties may disclose the terms of this settlement to accountants, attorneys, and other professionals to the extent necessary to comply with tax laws, for purposes of issuing payments under Section 3 of this Agreement, for the purpose of applying for insurance or in reports to its insurance carriers, in order to satisfy disclosure or reporting requirements imposed by law, or as permitted by court order following notification in writing to the other Settling Parties of an intention to seek such a court order. The Settling Parties agree that the amount of this settlement may be referenced in accounting or other business records of the Settling Parties. Plaintiffs and their counsel agree to return to Defendants copies of all documents produced by Defendants in this action and shall not retain copies of any such documents. Defendants and their counsel agree to return to Plaintiffs copies of all documents produced by Plaintiffs in this action and shall not retain copies of any such documents.

9. **Venue for Breach of Confidentiality.** The Settling Parties agree that any proceeding, claim, action and/or dispute concerning the breach of Section 8 of this Agreement will be brought in the United States District Court for the District of Arizona.

10. **Waiver.** No breach of any provision of this Agreement can be waived except in writing by the Settling Party against whom enforcement of the waiver is sought. Waiver of one breach of any provision of this Agreement is not a waiver of any other breach of the same or any other provision hereof. Failure on the part of any Settling Party hereto to complain of any act or failure to act of any other Settling Party or to declare any other Settling Party in default hereunder, irrespective of how long such failure continues, is not a waiver of the rights of such Settling Party hereunder. No waiver of any of the provisions of this Agreement is a waiver of any other provision, whether or not similar; nor shall any waiver constitute a continuing waiver unless executed in writing by the Settling Party making the waiver.

11. **Counterparts.** This Agreement may be executed in counterparts in original or by way of facsimile or .pdf signature. When each Settling Party has signed and delivered such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute an agreement which will be binding upon and effective as to all parties. No counterpart will be effective until all Settling Parties hereto have executed and exchanged an executed counterpart hereof.

12. **Successors and Assigns.** This Agreement may not be assigned by any Settling Party without the prior written consent of all other Settling Parties. Subject to the foregoing provisions, this Agreement shall be binding on and inure to the benefit of the heirs, descendants, legatees, devisees, executors, administrators, personal representatives, legal representatives, successors, assigns, assignors, insurers, owners, guarantors, sureties, partners, members, servants, employees, employers, agents, officers, directors, shareholders, beneficiaries, predecessors, and affiliates of the Settling Parties.

13. **Applicable Law and Venue.** This Agreement is deemed to have been made, executed and entered into in the State of Arizona and its interpretation, construction, performance, and discharge will be governed by the laws of the State of Arizona. Proceedings involving breach of the confidentiality provision, any proceeding involving this Agreement will be brought in the United States District Court for the District of Arizona.

14. **Terminology.** The captions in this Agreement are for convenience only and are not a part of, nor affect the construction or interpretation of any provision of this Agreement. All personal pronouns used in this Agreement, whether used in the masculine, feminine or neuter gender, will, where appropriate, include all other genders, and the singular will include the plural and vice versa.

15. **Integration.** This Agreement contains the entire agreement and understanding concerning its subject matter and supersedes and replaces any prior negotiations and agreements between the Settling Parties hereto, whether written or oral.

16. **Severability.** If any one or more of the provisions of this Agreement is declared invalid, illegal, or unenforceable by a court of competent jurisdiction in any respect, the validity, legality and enforceability of the remaining provisions of this Agreement will not be in any way affected or impaired thereby.

17. **Modifications.** Any alterations, changes or modifications of or to this Agreement, in order to be effective, will be made by written instrument or interlineation hereon, and in each such instance will be duly signed on behalf of each Settling Party hereto. No supplement, modification, or amendment of this Agreement will be binding unless executed in writing by all Settling Parties. The Settling Parties each waive any right they may have to rely upon any rule of law which enforces an oral modification of a written agreement if supported by consideration.

18. **Materiality.** Each provision of this Agreement will be considered material for the purpose of establishing a breach of this Agreement.

19. **Fax Validity.** The Settling Parties agree that in the event that this Agreement is executed or delivered via fax or e-mail that the fax copy or printout of such e-mail has the same validity as an original for all purposes including but not limited to utilization of the procedures for settling a dispute.

20. **Acknowledgements.** The Settling Parties, and each of them, acknowledge, represent and warrant that: (a) this Agreement and its reduction to final written form is the result of extensive good faith negotiations between the Settling Parties through their respective

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

**IN WITNESS WHEREOF,** the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.

By. _Bashir Yusuf_  
    Bashir M. Yusuf

By. _____  
    Yusuf M. Bogor

By. _____  
    Malak Youssef Henes

By. _____  
    Simkho Shalomov

By. _____  
    Abdihamid Ali

By. _____  
    Omar A. Osman

By. _____  
    Ahmed M. Jirow

By. _____  
    Abdirahman M. Dawariq

By. _____  
    Ilian Petkov

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.

By._____
    Bashir M. Yusuf

By._____
    Yusuf M. Bogor

By._____
    Malak Youssef Henes

By._____
    Simkho Shalomov

By._____
    Abdihamid Ali

By._____
    Omar A. Osman

By._____
    Ahmed M. Jirow

By._____
    Abdirahman M. Dawariq

By._____
    Ilian Petkov

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.


By._____           By._____
    Bashir M. Yusuf                                 Yusuf M. Bogor


By._____           By._____
    Malak Youssef Henes                             Simkho Shalomov


By._____
    Abdihamid Ali


By._____           By._____
    Omar A. Osman                                   Ahmed M. Jirow


By._____           By._____
    Abdirahman M. Dawariq                           Ilian Petkov


7

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.

By._____
    Bashir M. Yusuf

By._____
    Yusuf M. Bogor

By._____
    Malak Youssef Henes

By. _Shalomov_ _03. 08. 11_
    Simkho Shalomov

By._____
    Abdihamid Ali

By._____
    Omar A. Osman

By._____
    Ahmed M. Jirow

By._____
    Abdirahman M. Dawariq

By._____
    Ilian Petkov

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

     **IN WITNESS WHEREOF**, the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.

By._____
     Bashir M. Yusuf

By._____
     Yusuf M. Bogor

By._____
     Malak Youssef Henes

By._____
     Simkho Shalomov

By._____
     Abdihamid Ali

By._____
     Omar A. Osman

By._____
     Ahmed M. Jirow

By._____
     Abdirahman M. Dawariq

By._____
     Ilian Petkov

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

    **IN WITNESS WHEREOF**, the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.


By._____
    Bashir M. Yusuf

By._____
    Yusuf M. Bogor


By._____
    Malak Youssef Henes

By._____
    Simkho Shalomov


By._____
    Abdihamid Ali


By._____
    Omar A. Osman  03/06/11

By._____
    Ahmed M. Jirow


By._____
    Abdirahman M. Dawariq

By._____
    Ilian Petkov

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

**IN WITNESS WHEREOF,** the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.


By._____  
    Bashir M. Yusuf

By._____  
    Yusuf M. Bogor


By._____  
    Malak Youssef Henes

By._____  
    Simkho Shalomov


By._____  
    Abdihamid Ali


By._____  
    Omar A. Osman

By._____  
    Ahmed M. Jirow


By._____  
    Abdirahman M. Dawariq

By._____  
    Ilian Petkov

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.

By._____
    Bashir M. Yusuf

By._____
    Yusuf M. Bogor

By._____
    Malak Youssef Henes

By._____
    Simkho Shalomov

By._____
    Abdihamid Ali

By._____
    Omar A. Osman

By._____
    Ahmed M. Jirow

By._____
    Abdirahman M. Dawariq
    03/09/2011

By._____
    Ilian Petkov

counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this settlement agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Settling Parties; (d) the Settling Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Settling Parties do not rely and have not relied upon any representation or statement made by any other Settling Party or by any person affiliated with or representing any of the other Settling Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Settling Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Settling Party; (g) each Settling Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Settling Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Agreement as of the day and year first written above if not otherwise indicated below.

By._____
    Bashir M. Yusuf

By._____
    Yusuf M. Bogor

By._____
    Malak Youssef Henes

By._____
    Simkho Shalomov

By._____
    Abdihamid Ali

By._____
    Omar A. Osman

By._____
    Ahmed M. Jirow

By._____
    Abdirahman M. Dawariq

By._____
    Ilian Petkov

7

By. _[signature]_
    Hugo Conde

By. _____
    Abdinasir M. Jama

By. _____
    Abukar Ali Ahmed

By. _____
    Mire Said

By. _____
    Yasin Hussein

By. _____
    Adam Salih

By. _____
    Omar H. Abdalla

By. _____
    Faysal Ali

By. _____
    Abdi Iise

By. _____
    Arkadiy Shakarov

By. _____
    Nikolay I. Delchev

By. _____
    Lubomir Panov

By. _____
    Ahmed M. Said

By. _____
    Kamal A. Ahmedfiqi

By. _____
    Omar A. Mohammed

By. _____
    Hesham Taraf

By._____    By._____
    Hugo Conde                           Arkadiy Shakarov

By._____
    Abdinasir M. Jama

By._____    By._____
    Abukar Ali Ahmed                    Nikolay I. Delchev

By._____    By._____
    Mire Said                             Lubomir Panov

By._____
    Yasin Hussein

By._____    By._____
    Adam Salih                           Ahmed M. Said

By._____    By._____
    Omar H. Abdalla                  Kamal A. Ahmedfiqi

By._____    By._____
    Faysal Ali                           Omar A. Mohammed

By._____    By._____
    Abdi Iise                              Hesham Taraf

By. _____        By. _____
    Hugo Conde                        Arkadiy Shakarov


By. _____
    Abdinasir M. Jama


By. _____        By. _____
    Abukar Ali Ahmed                  Nikolay I. Delchev


By. _____        By. _____
    Mire Said                         Lubomir Panov


By. _____
    Yasin Hussein


By. _____        By. _____
    Adam Salih                        Ahmed M. Said


By. _____        By. _____
    Omar H. Abdalla                   Kamal A. Ahmedfiqi


By. _____        By. _____
    Faysal Ali                        Omar A. Mohammed


By. _____        By. _____
    Abdi Iise                         Hesham Taraf


8

By._____  By._____
    Hugo Conde                   Arkadiy Shakarov


By._____
    Abdinasir M. Jama


By. _Abukar Ahmed_____  By._____
    Abukar Ali Ahmed             Nikolay I. Delchev


By._____  By._____
    Mire Said                    Lubomir Panov


By._____
    Yasin Hussein


By._____  By._____
    Adam Salih                   Ahmed M. Said


By._____  By._____
    Omar H. Abdalla              Kamal A. Ahmedfiqi


By._____  By._____
    Faysal Ali                   Omar A. Mohammed


By._____  By._____
    Abdi Iise                    Hesham Taraf


8

By._____
     Hugo Conde

By._____
     Abdinasir M. Jama

By._____
     Abukar Ali Ahmed

By._____
     Mire Said

By._____
     Yasin Hussein

By._____
     Adam Salih

By._____
     Omar H. Abdalla

By._____
     Faysal Ali

By._____
     Abdi Iise

By._____
     Arkadiy Shakarov

By._____
     Nikolay I. Delchev

By._____
     Lubomir Panov

By._____
     Ahmed M. Said

By._____
     Kamal A. Ahmedfiqi

By._____
     Omar A. Mohammed

By._____
     Hesham Taraf

8

By._____    By._____
    Hugo Conde                     Arkadiy Shakarov


By._____
    Abdinasir M. Jama


By._____    By._____
    Abukar Ali Ahmed               Nikolay I. Delchev


By. *M. Said*                 By._____
    Mire Said                      Lubomir Panov


By._____
    Yasin Hussein


By._____    By._____
    Adam Salih                     Ahmed M. Said


By._____    By._____
    Omar H. Abdalla                Kamal A. Ahmedfiqi


By._____    By._____
    Faysal Ali                     Omar A. Mohammed


By._____    By._____
    Abdi Iise                      Hesham Taraf


8

By._____
     Hugo Conde

By._____
     Abdinasir M. Jama

By._____
     Abukar Ali Ahmed

By._____
     Mire Said

By._____
     Yasin Hussein

By._____
     Adam Salih

By._____
     Omar H. Abdalla

By._____
     Faysal Ali

By._____
     Abdi Iise

By._____
     Arkadiy Shakarov

By._____
     Nikolay I. Delchev

By._____
     Lubomir Panov

By._____
     Ahmed M. Said

By._____
     Kamal A. Ahmedfiqi

By._____
     Omar A. Mohammed

By._____
     Hesham Taraf

By_____     By_____
    Hugo Conde                                  Arkadiy Shakarov


By_____
    Abdinasir M. Jama


By_____     By_____
    Abukar Ali Ahmed                            Nikolay I. Delchev


By_____     By_____
    Mire Said                                   Lubomir Panov


By_____
    Yasin Hussein


By_____     By_____
    Adam Salih                                  Ahmed M. Said


By_____     By_____
    Omar H. Abdalla                             Kamal A. Ahmedfiqi


By_____     By_____
    Faysal Ali                                  Omar A. Mohammed


By_____     By_____
    Abdi Iise                                   Hesham Taraf

8

By._____  By._____
  Hugo Conde        Arkadiy Shakarov

By._____
  Abdinasir M. Jama

By._____  By._____
  Abukar Ali Ahmed      Nikolay I. Delchev

By._____  By._____
  Mire Said         Lubomir Panov

By._____
  Yasin Hussein

By. *Adam Salih*_____  By._____
  Adam Salih         Ahmed M. Said

By._____  By._____
  Omar H. Abdalla      Kamal A. Ahmedfiqi

By._____  By._____
  Faysal Ali        Omar A. Mohammed

By._____  By._____
  Abdi Iise         Hesham Taraf

By,_____
     Hugo Conde

By,_____
     Abdinasir M. Jama

By,_____
     Abukar Ali Ahmed

By,_____
     Mire Said

By,_____
     Yasin Hussein

By,_____
     Adam Salih

By,_____
     Omar H. Abdalla

By,_____
     Faysal Ali

By,_____
     Abdi Iise

By,_____
     Arkadiy Shakarov

By,_____
     Nikolay I. Delchev

By,_____
     Lubomir Panov

By,_____
     Ahmed M. Said

By,_____
     Kamal A. Ahmedfiqi

By,_____
     Omar A. Mohammed

By,_____
     Hesham Taraf

By._____         By._____
    Hugo Conde                                    Arkadiy Shakarov


By._____
    Abdinasir M. Jama


By._____         By._____
    Abukar Ali Ahmed                              Nikolay I. Delchev


By._____         By._____
    Mire Said                                     Lubomir Panov


By._____
    Yasin Hussein


By._____         By._____
    Adam Salih                                    Ahmed M. Said


By._____         By._____
    Omar H. Abdalla                               Kamal A. Ahmedfiqi


By._____         By._____
    Faysal Ali                                    Omar A. Mohammed


By._____         By._____
    Abdi Iise                                     Hesham Taraf


8

By._____
     Hugo Conde

By._____
     Arkadiy Shakarov

By._____
     Abdinasir M. Jama

By._____
     Abukar Ali Ahmed

By._____
     Nikolay I. Delchev

By._____
     Mire Said

By._____
     Lubomir Panov

By._____
     Yasin Hussein

By._____
     Adam Salih

By._____
     Ahmed M. Said

By._Kamal a-ahmedfiqi_
     Kamal A. Ahmedfiqi

By._____
     Omar H. Abdalla

By._____
     Faysal Ali

By._____
     Omar A. Mohammed

By._____
     Abdi Iise

By._____
     Hesham Taraf

By._____
    Hugo Conde

By._____
    Abdinasir M. Jama

By._____
    Abukar Ali Ahmed

By._____
    Mire Said

By._____
    Yasin Hussein

By._____
    Adam Salih

By._____
    Omar H. Abdalla

By._____
    Faysal Ali

By._____
    Abdi Iise

By._____
    Arkadiy Shakarov

By._____
    Nikolay I. Delchev

By._____
    Lubomir Panov

By._____
    Ahmed M. Said

By._____
    Kamal A. Ahmedfiqi

By._____
    Omar A. Mohammed

By._____
    Hesham Taraf

By._____
     Hugo Conde

By._____
     Arkadiy Shakarov

By._____
     Abdinasir M. Jama

By._____
     Abukar Ali Ahmed

By._____
     Nikolay I. Delchev

By._____
     Mire Said

By._____
     Lubomir Panov

By._____
     Yasin Hussein

By._____
     Adam Salih

By._____
     Ahmed M. Said

By._____
     Omar H. Abdalla

By._____
     Kamal A. Ahmedfiqi

By._____
     Faysal Ali

By. *Omar Mohmeed*_____
     Omar A. Mohammed

By._____
     Abdi Iise

By._____
     Hesham Taraf

By._____    By._____
    Hugo Conde                     Arkadiy Shakarov

By._____
    Abdinasir M. Jama

By._____    By._____
    Abukar Ali Ahmed            Nikolay I. Delchev

By._____    By._____
    Mire Said                   Lubomir Panov

By._____
    Yasin Hussein

By._____    By._____
    Adam Salih                Ahmed M. Said

By._____    By._____
    Omar H. Abdalla            Kamal A. Ahmedfiqi

By._____    By._____
    Faysal Ali                Omar A. Mohammed

By._____    By._____
    Abdi Hise                 Hesham Taraf

By._____
      Hugo Conde

By._____
      Arkadiy Shakarov

By._____
      Abdinasir M. Jama

By._____
      Abukar Ali Ahmed

By._____
      Nikolay I. Delchev

By._____
      Mire Said

By._____
      Lubomir Panov

By._____
      Yasin Hussein

By._____
      Adam Salih

By._____
      Ahmed M. Said

By._____
      Omar H. Abdalla

By._____
      Kamal A. Ahmedfiqi

By._____
      Faysal Ali

By._____
      Omar A. Mohammed

By._____
      Abdi Iise

By._____
      Hesham Taraf

By._____
    Dave Gauer, individually and
    for American Pony Express, Inc.,
    and VIP Taxi, LLC

By._____
    Henry Elizar


By._____
    Rita Elizar

By._____
    Eugene Rapoport


By._____
    Svetlana Rapoport

By._____
    Ira Girard, individually and as
    President , Sammy Management
    Services, Inc., as General Partner,
    Winged Foot Investment Services
    Limited Partnership, LLLP,


By._____
    Mary Anne Girard

By._____
    Greg Girard, individually and as
    President, ERL Management
    Services, Inc. as General Partner
    and JHR Investment Services
    Limited Partnership, LLLP


By._____
    Ethne Girard

By._____
    Alfredo Moya


By._____
    Elsa Moya

By._____
    Dave Gauer, individually and
    for American Pony Express, Inc.,
    and VIP Taxi, LLC

By._____
    Henry Elizar

By._____
    Rita Elizar

By._____
    Eugene Rapoport

By._____
    Svetlana Rapoport

By._____
    Ira Girard, individually and as
    President , Sammy Management
    Services, Inc., as General Partner,
    Winged Foot Investment Services
    Limited Partnership, LLLP,

By._____
    Mary Anne Girard

By._____
    Greg Girard, individually and as
    President, ERL Management
    Services, Inc. as General Partner
    and JHR Investment Services
    Limited Partnership, LLLP

By._____
    Ethne Girard

By._____
    Alfredo Moya

By._____
    Elsa Moya

By._____
    Dave Gauer, individually and
    for American Pony Express, Inc.,
    and VIP Taxi, LLC

By._____
    Henry Elizar

By._____
    Rita Elizar

By._____
    Eugene Rapoport

By._____
    Svetlana Rapoport

By._____
    Ira Girard, individually and as
    President , Sammy Management
    Services, Inc., as General Partner,
    Winged Foot Investment Services
    Limited Partnership, LLLP,

By._____
    Mary Anne Girard

By._____
    Greg Girard individually and as
    President, ERL Management
    Services, Inc. as General Partner
    and JHR Investment Services
    Limited Partnership, LLLP

By._____
    Ethne Girard

By._____
    Alfredo Moya

By._____
    Elsa Moya

9

By._____
    Dave Gauer, individually and
    for American Pony Express, Inc.,
    and VIP Taxi, LLC

By._____
    Henry Elizar

By._____
    Rita Elizar

By._____
    Eugene Rapoport

By._____
    Svetlana Rapoport

By._____
    Ira Girard, individually and as
    President , Sammy Management
    Services, Inc., as General Partner,
    Winged Foot Investment Services
    Limited Partnership, LLLP,

By._____
    Mary Anne Girard

By._____
    Greg Girard, individually and as
    President, ERL Management
    Services, Inc. as General Partner
    and JHR Investment Services
    Limited Partnership, LLLP

By._____
    Ethne Girard

By._____
    Alfredo Moya

By._____
    Elsa Moya

Dated:

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

By: _____
Wendy J. Harrison
Jonathan S. Wallack
Ty D. Frankel
Attorneys for Plaintiffs

Dated:

BUTZ DUNN & DESANTIS
A Professional Corporation

By: _____
Kevin V. DeSantis
James A. McFaul
Jessica G. Wilson
Attorneys for Defendants

128349.1