**WO**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Yusuf M. BOGOR, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN PONY EXPRESS, INC, an Arizona Corporation, a.k.a. ALLSTATE CAB COMPANY; V.I.P. TAXI; Gregory GIRARD and Ethne GIRARD, husband and wife; Ira GIRARD and Maryanne GIRARD, husband and wife; Alfredo MOYA and Jane Doe MOYA, husband and wife; JHR INVESTMENT SERVICES, LP; WINGED FOOT INVESTMENT, LP, David GAUER and Jane Doe GAUER, husband and wife; Eugene RAPOPORT and Jane Doe RAPOPORT, husband and wife; Henry ELIZER and Jane Doe ELIZER, husband and wife.<br><br>Defendants. | Case No. 09-cv-02260-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court is the parties' Joint Motion for Approval of Proposed FLSA Class Settlement (Doc. 202). The Court conditionally certified a Fair Labor Standards Act ("FLSA") Opt-in Class of "Drivers who leased taxis from American Pony Express from October 2006 to the present for the purpose of transporting passengers to and from the airport in accordance with its agreement with the City" on May 17, 2010 (Doc. 66). After the Court granted conditional certification, twenty-five individuals filed Consent Forms to opt in to the action.[1]

---

[1] On January 24, 2011, Plaintiff George Ganev withdrew his claim via a Notice of Withdrawal. The Settlement Agreement therefore resolves the claims of the twenty-five remaining Plaintiffs.

The parties have reached a settlement resolving all of Plaintiffs' claims in this case and have submitted the proposed settlement agreement (the "Settlement Agreement") for the Court's approval. Normally, the Court does not rule on a private settlement negotiated between parties. But because Mr. Bogor filed a FLSA action against Defendants, the parties must seek approval of their stipulated settlement in order to ensure the enforceability of the Settlement Agreement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 *3 (E.D. Cal. Jan. 26, 2007). The Court may approve the settlement if it reflects a "reasonable compromise over issues." *Lynn's*, 679 F.2d at 1354.

The Court has reviewed the proposed Settlement Agreement and finds it reflects a fair and reasonable resolution of the issues. Defendants strongly contested liability under the FLSA; claiming the Plaintiffs were independent contractors, not employees. Further, the Plaintiffs likely would have faced a motion for decertification, with its concomitant heightened standards for demonstrating similarity. Finally, the proposed distribution to each Plaintiff is fair because the proposed distribution relates to the hours worked without receiving the claimed minimum wage.

Accordingly,

**IT IS ORDERED** GRANTING the Joint Motion for Approval of Proposed FLSA Class Settlement (Doc. 202).

**IT IS FURTHER ORDERED** APPROVING the Settlement Agreement and directing the parties to consummate and implement the Settlement Agreement in accordance with its terms immediately.

DATED this 24th day of May, 2011.

James A. Teilborg
United States District Judge